1  JEMMA E. DUNN
   Nevada Bar No. 16229
2  MATTHEW T. HALE
   Nevada Bar No. 16880
3  MARIAN L. MASSEY
   Nevada Bar No. 14579
4  **GREENBERG GROSS LLP**
   1980 Festival Plaza Drive, Suite 730
5  Las Vegas, Nevada 89135
   Telephone: (702) 777-0888
6  Facsimile: (702) 777-0801
    *JDunn@GGTrialLaw.com*
7    *MHale@GGTrialLaw.com*
     *MMassey@GGTrialLaw.com*
8
   *Attorneys for Plaintiff Vincent Nguyen*
9
                    **UNITED STATES DISTRICT COURT**
10
                         **DISTRICT OF NEVADA**
11

| | |
|---|---|
| VINCENT NGUYEN, an individual, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **(1)  DISCRIMINATION (N.R.S. § 613.330);** |
| WYNN LAS VEGAS, LLC, a Nevada limited liability company, WYNN RESORTS HOLDINGS, LLC, a Nevada limited liability company, | **(2)  DISCRIMINATION (42 U.S.C. § 12112 *et seq.*);** |
| | **(3)  DISCRIMINATION (38 U.S.C. § 4311 *et seq.*);** |
| Defendants. | **(4)  RETALIATION (N.R.S. § 613.340);** |
| | **(5)  RETALIATION (42 U.S.C. § 12203 *et seq.*);** |
| | **(6)  RETALIATION (38 U.S.C. § 4311 *et seq.*);** |
| | **(7)  FAILURE TO PROVIDE REASONABLE ACCOMMODATION (N.R.S. § 613.330);** |
| | **(8)  FAILURE TO PROVIDE REASONABLE ACCOMMODATION (42 U.S.C. § 12112(b)(5)(A));** |
| | **(9)  FMLA INTERFERENCE;** |
| | **(10)  RETALIATION IN VIOLATION OF THE FMLA;** |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff Vincent Nguyen ("Plaintiff" or "Mr. Nguyen") alleges as follows:

## NATURE OF THE ACTION

1.      Mr. Nguyen began working for Defendants Wynn ("Wynn" or "Defendants") as Special Operations Guard in August 2023. Mr. Nguyen is an eight-year Air Force Reservist with a service-connected ankle disability. In March 2024, management refused to honor his military service obligations under federal law. Another reservist with identical documentation was treated more favorably, demonstrating discriminatory disparate treatment. Despite his approved FMLA accommodation for his disability, Defendants penalized him when he took protected absences. On or about February 24, 2025, Defendants terminated Mr. Nguyen on a false and pretextual basis.

## JURISDICTION AND VENUE

2.      This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. Plaintiff's claims for damages arise, in part, under 42 U.S.C. § 12112 *et seq.* (ADA Discrimination), 42 U.S.C. § 12203 *et seq.* (ADA Retaliation), 38 U.S.C. § 4311 (USERRA), 29 CFR § 825.220 (FMLA). The Court has supplemental jurisdiction over the remaining state statutory claims pursuant to 28 U.S.C. § 1367, given that all the claims are so related that they form part of the same case or controversy under Article III of the United States Constitution.

3.      Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391 because Defendants Wynn Las Vegas, LLC and Wynn Resorts Holdings, LLC reside in Clark County, Nevada.

## PARTIES

4.      Plaintiff is and was at all relevant times herein, a resident of Clark County, Nevada.

5.      Defendant Wynn Las Vegas, LLC is a Nevada limited liability company that conducts business in Clark County.

6.      Defendant Wynn Resorts Holdings, LLC is a Nevada limited liability company that conducts business in Clark County.

7.      Defendants Wynn will be hereafter collectively referred to as "Wynn, "Defendants" or "Wynn Defendants."

/ / /

# FACTUAL ALLEGATIONS

8.    On or about August 30, 2023, Mr. Nguyen began working as a Special Operations Guard for Wynn. Mr. Nguyen is a member of the United States Air Force Reserves with a service-connected ankle disability, which is aggravated by the standing and physical activity required in his security position.

9.    On or about March 2024, Mr. Nguyen switched from swing shift to day shift, resulting in assignment to new supervisors. At the same time, Mr. Nguyen's Air Force Reserves service obligations changed from monthly to quarterly travel, requiring approximately six days per quarter for military duty at Vandenberg Space Force Base in California.

10.    On or about March 2024, when Mr. Nguyen notified Wynn of an upcoming military travel day and provided proper documentation from his E7 military supervisor, Shift Lead Shane refused to recognize the travel day as protected military status under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"). While he was performing Air Force Reserves service obligations, Wynn marked Mr. Nguyen as "no call no show" and assessed attendance points against him for exercising his federally protected military service obligations.

11.    On or about March 2024, after Mr. Nguyen contacted the Employer Support of the Guard and Reserve ("ESGR") for mediation assistance and disputed the improperly assessed attendance points with Wynn's Human Resources department, Wynn agreed to reduce—but not eliminate—the improperly assessed attendance points.

12.    On or about October 10, 2024, Mr. Nguyen requested a reasonable accommodation for his service-related ankle disability that causes chronic pain aggravated by standing and walking. Mr. Nguyen was initially approved for intermittent leave pursuant to the Family and Medical Leave Act ("FMLA") for three days per month of intermittent FMLA leave, which was subsequently increased to four days per month.

13.    Between October 2024 and February 2025, despite Mr. Nguyen's approved intermittent FMLA accommodation for his disability, Wynn continued to assess attendance points against Mr. Nguyen when he used his FMLA-protected leave for his ankle condition.

14.    On or about late December 2024 or early January 2025, Mr. Nguyen received

military orders for a three-week deployment to South Korea scheduled for March 2025, which coincided with March Madness, one of Wynn's busiest operational periods of the year.

15. On or about February 24, 2025, Wynn terminated Mr. Nguyen's employment on a false and pretextual basis.

16. The timing of Mr. Nguyen's termination just days before his scheduled three-week military deployment demonstrates Wynn's discriminatory and retaliatory intent.

17. *Summary of Plaintiff's Protected Statuses and Activity*: Mr. Nguyen is a member of the United States Air Force Reserves and has a disability consisting of a chronic ankle injury with permanent surgical hardware causing ongoing pain aggravated by standing and physical activity. Mr. Nguyen engaged in protected activity by exercising his military service obligations, requesting reasonable accommodation for his disability, requesting and using his approved FMLA leave, and complaining to his employer about the denial of his federally protected rights.

18. *Exhaustion of Administrative Remedies*: On December 19, 2025, Plaintiff timely dual filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Nevada Equal Rights Commission ("NERC"). On December 22, 2025, the EEOC closed Plaintiff's case without making findings and issued him an immediate right to sue notice. Plaintiff timely filed the instant lawsuit within 90 days of the right to sue notice.

19. *Punitive damages*: Plaintiff is entitled to punitive damages. (42 U.S.C. § 1981a(b); Nevada Revised Statute ("N.R.S.") 42.001, 42.005, 42.007.)

20. *Reckless Indifference and Conscious Disregard*: Wynn knew of the probable economic harm and emotional distress that would ensue as a result of the wrongful conduct perpetrated. Yet Wynn willfully and deliberately caused the wrongful conduct, both through its actions and inactions.

21. *Malice*: The conduct of Wynn was committed with malice, including that (a) Wynn acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by terminating Plaintiff's employment and/or taking other adverse job actions against Plaintiff because of their good faith complaints, and/or (b) the conduct of Wynn was despicable and committed in willful and conscious disregard of Plaintiff's rights to work in a

workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

22. *Oppression:* In addition, and/or alternatively, the conduct of Defendants was committed with oppression, including that the actions of Wynn against Plaintiff were cruel and subjected him to unjust hardship and with conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

23. *Fraud:* In addition, and/or alternatively, the conduct of Wynn, as alleged, was fraudulent, including that Wynn asserted false and pretextual grounds for terminating Plaintiff's employment and/or other adverse job actions, thereby causing Plaintiff hardship and deprive him of legal rights or otherwise injure Plaintiff.

24. Further, Wynn is liable for the wrongful acts of its employees, including its supervisory personnel, because Wynn had advance knowledge that these employees were unfit for the purposes of the employment and yet employed these employees with a conscious disregard for the rights or safety of others. (42 U.S.C. § 2000e(b); N.R.S. § 42.007.)

## FIRST CLAIM FOR RELIEF

### Workplace Discrimination in Violation of N.R.S. § 613.330

### (Plaintiff Vincent Nguyen against Wynn Defendants)

25. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

26. Plaintiff was employed by Wynn, as defined by N.R.S. § 613.310. As an employer, Wynn is prohibited from discriminating against any person with respect to the person's compensation, terms, conditions, or privileges of employment on the basis of any protected status as set forth in N.R.S. § 613.330 *et seq.* Further, employers must provide a workplace free of discrimination on the basis of these protected statuses.

27. The acts and omissions of Wynn, as more fully set forth herein, constituted discrimination within the meaning of N.R.S. § 613.330.

28. Plaintiff is an individual with a disability and/or a record of an impairment, and is

thus within the class of persons that N.R.S. § 613.330 intends to protect and termination of employment on the basis of discrimination is the type of injury prohibited by N.R.S. § 613.330.

29.    Plaintiff was qualified to perform the essential functions of his job, with or without reasonable accommodation.

30.    Wynn took adverse employment actions against Plaintiff because of his disability or disabilities, including the decisions to terminate Plaintiff's employment, not to retain, hire, or otherwise employ Plaintiff in any position, and/or to take other adverse employment actions against Plaintiff.

31.    The discriminatory acts of Wynn constitute a violation of Nevada's anti-discrimination law (N.R.S. § 613.330), which makes it unlawful for an employer to discriminate against an employee on the basis of a protected characteristic. Wynn discriminated against the Plaintiff based on his protected status or statuses.

32.    As a direct and proximate result of the violations and conduct described herein, Plaintiff was subjected to unlawful discrimination, loss of his employment, lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

33.    Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020, as well as attorneys' fees under N.R.S. § 613.432 and 42 U.S.C. § 2000e-5(k).

34.    The acts of Wynn alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Wynn, and to make an example of and deter Wynn from engaging in such conduct in the future.

**SECOND CLAIM FOR RELIEF**

**Workplace Discrimination in Violation of 42 U.S.C. § 12112 *et seq.***

**(Plaintiff Vincent Nguyen against Wynn Defendants)**

35.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

36.    Plaintiff is a member of the class of persons protected by federal statutes prohibiting discrimination based on disability.

37.    Wynn, employed Plaintiff, as defined by 42 U.S.C. § 12111(5), and thus was prohibited from discriminating against qualified individuals with disabilities as set forth in 42 U.S.C. § 12112(a).

38.    Plaintiff has a disability or disabilities as defined by 42 U.S.C. § 12102(1).

39.    Plaintiff was qualified to perform the essential functions of his job, with or without reasonable accommodation.

40.    Wynn took adverse employment actions against Plaintiff because of his disability or disabilities, including the decisions to terminate Plaintiff's employment, not to retain, hire, or otherwise employ Plaintiff in any position, and/or to take other adverse employment actions against Plaintiff.

41.    The discriminatory acts of Wynn constitute a violation of the Americans with Disabilities Act (ADA), which makes it unlawful for an employer to discriminate against an employee on the basis of disability.

42.    The discriminatory acts of Wynn have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

43.    The acts of Wynn alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary

damages in an amount sufficient to punish Wynn, and to make an example of and deter Wynn from engaging in such conduct in the future.

44.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

### THIRD CLAIM FOR RELIEF

**Workplace Discrimination in Violation of 38 U.S.C. § 4311 *et seq.***

**(Plaintiff Vincent Nguyen against Wynn Defendants)**

45.     The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

46.     Plaintiff is a member of the class of persons protected by federal statutes prohibiting discrimination based on his military service, and had an obligation to perform service in a uniformed service during his employment.

47.     Wynn employed Plaintiff and thus was prohibited from discriminating against him on the basis of his military service because Plaintiff has taken an action to enforce a protection afforded any person, testified or otherwise made a statement in or in connection with any proceeding, assisted or otherwise participated in an investigation, or exercised a right provided for under 38 U.S.C. § 4311 *et seq.*

48.     Wynn took adverse employment actions against Plaintiff because of his military service, including the decisions to terminate Plaintiff's employment, not to retain, hire, or otherwise employ Plaintiff in any position, and/or to take other adverse employment actions against Plaintiff. Plaintiff's military service was a substantial and/or motivating factor that caused Wynn's adverse employment actions.

49.     The discriminatory acts of Wynn constitute a violation of the Uniformed Services Employment and Reemployment Act (USERRA), which makes it unlawful for an employer to discriminate against an employee on the basis of military service.

50.     The discriminatory acts of Wynn have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer

humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

51.    The acts of Wynn alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Wynn, and to make an example of and deter Wynn from engaging in such conduct in the future.

52.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 38 U.S.C. § 4323(h), Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

## FOURTH CLAIM FOR RELIEF

### Workplace Retaliation in Violation of N.R.S. § 613.340

### (Plaintiff Vincent Nguyen against Wynn Defendants)

53.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

54.    Plaintiff was employed by Wynn.

55.    Plaintiff engaged in protected activity.

56.    Wynn was aware of Plaintiff's protected activity.

57.    After engaging in protected activity, Plaintiff suffered an adverse employment action.

58.    There is a causal connection between Plaintiff's protected activity and the adverse employment action.

59.    The conduct of Wynn alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

60.    The acts alleged herein were undertaken with the malice, with intent to injure

1   Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive,

2   fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the

3   inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary

4   damages in an amount sufficient to punish Wynn, and to make an example of and deter Wynn from

5   engaging in such conduct in the future.

6        61.    Due to this action, it has been necessary for Plaintiff to expend court costs and obtain

7   the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant

8   to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

9                           **FIFTH CLAIM FOR RELIEF**

10                  **Retaliation in Violation of 42 U.S.C. § 12203 *et seq.***

11                  **(Plaintiff Vincent Nguyen against Wynn Defendants)**

12       62.    The allegations set forth in preceding paragraphs are re-alleged and incorporated

13   herein by reference.

14       63.    Plaintiff is within the class of persons that 42 U.S.C. § 12203 intends to protect and

15   retaliation for engaging in protected activity is the type of injury prohibited by 42 U.S.C. § 12203.

16       64.    Plaintiff was an "employee" of Wynn, as defined by 42 U.S.C. § 12111(4).

17       65.    Wynn was an employer, as defined by 42 U.S.C. § 12111(5), and thus was barred

18   from retaliating against any person for opposing or reporting any unlawful discrimination or

19   harassment against employees on a protected basis as set forth in 42 U.S.C. § 12101 *et seq.* as well

20   as against any person for requesting an accommodation as provided under the same the statute.

21       66.    Plaintiff opposed and reported discriminatory or harassing conduct prohibited by 42

22   U.S.C. § 12101 *et seq.* and/or requested an accommodation as provided under the same statute.

23       67.    As a result of Plaintiff's complaints regarding, opposition to, and/or requests for

24   accommodation related to these unlawful practices, Wynn engaged in a course of retaliatory

25   conduct, which included subjecting Plaintiff to a hostile work environment.

26       68.    The conduct of Wynn constitutes retaliation in violation of the Americans with

27   Disabilities Act of 1990 (ADA), as amended, which makes it unlawful for an employer to retaliate

28   against an employee who complains about, opposes discrimination or harassment, or requests an

accommodation.

69.    The conduct of Wynn alleged herein has caused damage and harm to Plaintiff, including past and future lost earnings, salary, and other employment benefits,  in an amount according to proof at trial.

70.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

**SIXTH CLAIM FOR RELIEF**

**Workplace Retaliation in Violation of 38 U.S.C. § 4311 *et seq.***

**(Plaintiff Vincent Nguyen against Wynn Defendants)**

71.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

72.    Plaintiff is a member of the class of persons protected by federal statutes prohibiting discrimination based on his military service, and had an obligation to perform service in a uniformed service during his employment.

73.    Wynn employed Plaintiff and thus was prohibited from retaliating against him on the basis of his military service because Plaintiff has taken an action to enforce a protection afforded any person, testified or otherwise made a statement in or in connection with any proceeding, assisted or otherwise participated in an investigation, or exercised a right provided for under 38 U.S.C. § 4311 *et seq.*

74.    Plaintiff opposed and reported discriminatory or harassing conduct prohibited by  38 U.S.C. § 4311 *et seq.*

75.    Wynn took adverse employment actions against Plaintiff because of his military service, including the decisions to terminate Plaintiff's employment, not to retain, hire, or otherwise employ Plaintiff in any position, and/or to take other adverse employment actions against Plaintiff. Plaintiff's military service was a substantial and/or motivating factor that caused Wynn's adverse employment actions.

76.    The retaliatory acts of Wynn constitute a violation of the Uniformed Services

1  Employment and Reemployment Act (USERRA), which makes it unlawful for an employer to

2  discriminate against an employee on the basis of military service.

3      77.    The retaliatory acts of Wynn have caused damage and harm to Plaintiff, including

4  lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation,

5  emotional distress, and mental and physical pain and anguish, in an amount according to proof at

6  trial.

7      78.    The acts of Wynn alleged herein were undertaken with malice, with intent to injure

8  Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive,

9  fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the

10  inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary

11  damages in an amount sufficient to punish Wynn, and to make an example of and deter Wynn from

12  engaging in such conduct in the future.

13      79.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

14  Pursuant to 38 U.S.C. § 4323(h), Plaintiff will move to recover reasonable attorneys' fees and costs

15  in an amount according to proof.

16                          **SEVENTH CLAIM FOR RELIEF**

17      **Failure to Provide Reasonable Accommodation in Violation of N.R.S. § 613.330**

18                  **(Plaintiff Vincent Nguyen against Wynn Defendants)**

19      80.    The allegations set forth in preceding paragraphs are re-alleged and incorporated

20  herein by reference.

21      81.    Plaintiff was employed by Wynn, as defined by N.R.S. § 613.310. Wynn, as an

22  employer, is prohibited from discriminating against any employee with respect to the person's

23  compensation, terms, conditions, or privileges of employment on the basis of disability as set forth

24  in N.R.S. § 613.330 *et seq.* Failing to provide reasonable accommodation to qualified individuals

25  with disabilities is one such type of actionable discrimination.

26      82.    Plaintiff has a disability as defined by N.R.S. § 613.310. Plaintiff is within the class

27  of persons that N.R.S. § 613.330 intends to protect.

28      83.    Plaintiff requested reasonable accommodation for his disability.

84.    Wynn failed to provide reasonable accommodation for Plaintiff's disability.

85.    The failure of Wynn to provide reasonable accommodation constitutes a violation of N.R.S. § 613.330.

86.    The acts of Wynn alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

87.    The acts of Wynn alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Wynn, and to make an example of and deter Wynn from engaging in such conduct in the future.

88.    Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

## EIGHTH CLAIM FOR RELIEF

**Failure to Provide Reasonable Accommodation in Violation of 42 U.S.C. § 12112(b)(5)**

**(Plaintiff Vincent Nguyen against Wynn Defendants)**

89.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

90.    Plaintiff is a member of the classes of persons protected by federal statutes requiring reasonable accommodation for disabilities.

91.    Plaintiff was an employee, as defined by 42 U.S.C. § 12111(4).

92.    Wynn employed Plaintiff, as defined by 42 U.S.C. § 12111(5), and thus was required to provide reasonable accommodation to qualified individuals with disabilities as set forth in 42 U.S.C. § 12112(b)(5).

93.    Plaintiff has a disability as defined by 42 U.S.C. § 12102(1).

94.    Plaintiff requested reasonable accommodation for his disability.

95.    Wynn failed to provide reasonable accommodation for Plaintiff's disability.

96.    The failure of Wynn to provide reasonable accommodation constitutes a violation of the ADA, which makes it unlawful for an employer to fail to provide reasonable accommodation to an employee with a disability.

97.    The acts of Wynn alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

98.    The acts of Wynn alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Wynn, and to make an example of and deter Wynn from engaging in such conduct in the future.

99.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

## NINTH CLAIM FOR RELIEF

### Interference with FMLA Rights in Violation of 29 U.S.C. § 2615(a)(1)

### (Plaintiff Vincent Nguyen against Wynn Defendants)

100.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

101.    Plaintiff is a member of the classes of persons protected by federal statutes prohibiting interference with the exercise of rights under the Family and Medical Leave Act (FMLA).

102.    Plaintiff was an eligible employee, as defined by 29 U.S.C. § 2611(2).

103.    Wynn was an employer, as defined by 29 U.S.C. § 2611(4), and thus was barred from

interfering with, restraining, or denying the exercise of or the attempt to exercise any rights provided under the FMLA.

104.    Plaintiff exercised or attempted to exercise rights provided under the FMLA, including but not limited to requesting and/or taking leave for a serious health condition.

105.    As a result of and in retaliation for Plaintiff's exercise or attempt to exercise FMLA rights, Wynn engaged in a course of conduct that interfered with, restrained, and/or denied Plaintiff's rights under the FMLA, which included but was not limited to denying leave, discouraging Plaintiff from taking leave, refusing to reinstate Plaintiff, and/or retaliating against Plaintiff for taking or requesting leave.

106.    The conduct of Wynn constitutes interference with Plaintiff's rights in violation of the Family and Medical Leave Act of 1993, as amended, which makes it unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any rights provided under the FMLA.

107.    The acts of Wynn alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

108.    The acts of Wynn alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Wynn, and to make an example of and deter Wynn from engaging in such conduct in the future.

109.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

/ / /

/ / /

**TENTH CLAIM FOR RELIEF**

**FMLA Retaliation in Violation of 29 U.S.C. § 2615(a)(2)**

**(Plaintiff Vincent Nguyen against Wynn Defendants)**

110.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

111.    Plaintiff is a member of the classes of persons protected by federal statutes prohibiting retaliation for exercising rights under the Family and Medical Leave Act (FMLA).

112.    Plaintiff was an eligible employee, as defined by 29 U.S.C. § 2611(2).

113.    Wynn was an employer, as defined by 29 U.S.C. § 2611(4), and thus was barred from retaliating against any person for opposing practices that are unlawful under the FMLA or for instituting or participating in FMLA proceedings or inquiries.

114.    Plaintiff opposed practices that are unlawful under the FMLA, including but not limited to, engaging in a course of conduct that interfered with, restrained, and/or denied Plaintiff's rights under the FMLA, which included but was not limited to denying leave, discouraging Plaintiff from taking leave, refusing to reinstate Plaintiff, and/or retaliating against Plaintiff for taking or requesting leave

115.    As a result of Plaintiff's opposition of unlawful practices, Wynn engaged in a course of retaliatory conduct, which included but was not limited to subjecting Plaintiff to adverse employment actions such as demotion, reduction in pay, denial of promotion, and/or termination.

116.    The conduct of Wynn constitutes retaliation in violation of the Family and Medical Leave Act of 1993, as amended, which makes it unlawful for an employer to retaliate against an employee for exercising or attempting to exercise any rights provided under the FMLA.

117.    The acts of Wynn alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

118.    The acts of Wynn alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive,

fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Wynn, and to make an example of and deter Wynn from engaging in such conduct in the future.

119.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1    **PRAYER FOR RELIEF**

2         WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

3         1.    For compensatory damages and other special and general damages according to

4    proof, including, without limitation, lost earnings, salary, bonuses, and other job benefits Plaintiff

5    would have received but for Defendants' wrongful conduct;

6         2.    Liquidated damages;

7         3.    Emotional distress damages;

8         4.    Punitive and exemplary damages in an amount sufficient to punish Defendant, and

9    to make an example of and deter Defendants from engaging in such conduct in the future;

10        5.    For equitable and injunctive relief;

11        6.    For an award of reasonable attorneys' fees and costs incurred in this action;

12        7.    For pre-judgment and post-judgment interest, as provided by law; and

13        8.    For other and further relief as the Court may deem just and proper.

14

15   DATED: January 26, 2026              **GREENBERG GROSS LLP**

16

17                                        By:        /s/ Jemma E. Dunn
18                                                JEMMA E. DUNN
                                                 Nevada Bar No. 16229
19                                               MATTHEW T. HALE
                                                 Nevada Bar No. 16880
20                                               MARIAN L. MASSEY
                                                 Nevada Bar No. 14579
21                                               1980 Festival Plaza Drive, Suite 730
                                                 Las Vegas, Nevada 89135
22                                               Telephone: (702) 777-0888

23                                               *Attorneys for Plaintiff Vincent Nguyen*

24

25

26

27

28

1

## <u>DEMAND FOR JURY TRIAL</u>

2        Plaintiff Vincent Nguyen hereby demands a jury trial.

3

4   DATED: January 26, 2026                **GREENBERG GROSS LLP**

5

6                                    By:    _____/s/ Jemma E. Dunn_____

7                                           JEMMA E. DUNN
                                            Nevada Bar No. 16229
8                                           MATTHEW T. HALE
                                            Nevada Bar No. 16880
9                                           MARIAN L. MASSEY
                                            Nevada Bar No. 14579
10                                          1980 Festival Plaza Drive, Suite 730
                                            Las Vegas, Nevada 89135
11                                          Telephone: (702) 777-0888

12                                          *Attorneys for Plaintiff Vincent Nguyen*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28